Alfred S. Black and Marie Black v. Commissioner.
Black v. Commissioner
Docket No. 63846.
United States Tax Court
T.C. Memo 1960-117; 1960 Tax Ct. Memo LEXIS 173; 19 T.C.M. (CCH) 623; T.C.M. (RIA) 60117; June 7, 1960
*173 Held, that petitioners have failed to meet the burden of proving error in respondent's determination that their failure to file a declaration of estimated tax for the year 1951 was not due to reasonable cause within the meaning of section 294(d)(1)(A) of the 1939 Code. George G. Currie, Esq. and George W. Currie, Esq. for the petitioners. Avery B. Cousins, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent, in his statutory notice, determined a deficiency in petitioners' income tax for the taxable year 1951 in the amount of $125.97, and additions to tax under section 294(d)(2) and 294(d)(1)(A), Code of 1939 in the amounts of $324.90 and $487.33, respectively. Respondent concedes the issue involving section 294(d)(2) on the authority of . The sole issue now before us is whether there was reasonable cause for the failure to file a declaration of estimated tax under section 294(d)(1)(A). Findings of Fact Petitioners, Alfred S. and Marie Black, are husband and wife, and during the taxable year were residents of Hattiesburg, Mississippi. They filed their joint Federal income tax return for the *174 taxable year 1951 with the then director of internal revenue for the district of Mississippi, Jackson, Mississippi. Alfred, hereinafter sometimes called petitioner, during the year 1951, and for several years prior to that time, was a cotrustee of the Black-Stevenson Cancer Fund which was established under the wills of Margaret S. Black and Marion V. Stevenson. On December 21, 1951, Alfred was allowed a corpus commission in the total sum of $35,954.80 by judgment entered in the Superior Court of New Jersey, Chancery Division, for trusteeship services rendered to the Black-Stevenson Cancer Fund. Said amount was paid to Alfred by check on December 31, 1951, the last day of the taxable year 1951, and deposited to his bank account on January 19, 1952. In their return filed for the taxable year 1951, petitioners reported gross income of $40,000.75, which included net fees of $35,954.80 as trustee of the Stevenson-Black Foundation, dividends in the amount of $2,452.50, net oil rental income of $818.45, interest of $175, and salary from Tullos Associates, Inc., in the amount of $600. Petitioners elected to report the aforesaid trustee fees over a three-year period as provided in section 107 *175 of the 1939 Code. Petitioners paid the amount of $5,369.96 with the filing of their income tax return on June 16, 1952. Petitioners did not file a declaration of estimated tax for the year 1951. The failure of the petitioners to file a declaration of estimated tax for the taxable year 1951 was not due to reasonable cause. Opinion Petitioners failed to file a declaration of estimated tax for the taxable year 1951 as required by section 58(a), [1] *176 Code of 1939. Respondent has accordingly determined that petitioners are subject to an addition to their tax for that year pursuant to section 294(d)(1)(A), [2] supra. Respondent's determination is, of course, *177 prima facie correct, and the burden of proving that the failure to file a declaration of estimated tax was due to reasonable cause and not to wilful neglect is on petitioners. ; . The provisions of the Code requiring the filing of a declaration of estimated tax specify the taxpayers who are required to file, the time and manner of filing, how the payments of tax shall be made, and the sanctions in the form of additions to the tax which will follow any failure to comply with the law. Section 58(a)(2), supra, in essence, requires a declaration of estimated tax to be filed by every individual whose gross income from sources other than wages could reasonably be expected to exceed $100 and whose gross income could reasonably be expected to be $600 or more for the taxable year. Since petitioners received gross income from sources other than wages during the taxable year 1951 in the aggregate amount of $3,445.95, and they have not shown that said amount was not reasonably anticipated, it is clear that under section 58(a)(2), supra, they were required to file a declaration of estimated tax for that year. Petitioners' *178 argument, on brief, that they would have owed no substantial tax for 1951, had it not been for the unexpected receipt of the corpus commission of $35,954.80 allowed to Alfred in December of that year by the Superior Court of New Jersey, is without merit. Regardless of the receipt or nonreceipt of said commission, petitioners obviously had gross income from other sources in excess of the minimum amount necessary to require the filing of a declaration of estimated tax. In addition to the aforesaid commission, during 1951 Alfred received gross income from other sources in the aggregate amount of $4,045.95. Of this amount, $2,452.50 was income from dividends, $175 from interest on bonds, $818.45 from net oil lease rentals, and $600 from salary. Although the normal business expenses plus exemptions may have exceeded the gross income received from these sources if Alfred had not unexpectedly received the trustee fees, petitioners were, nevertheless, obliged to file a declaration of estimated tax as section 58(a)(2) specifically predicates the requirement of filing on "gross income" from sources other than wages. See , affd. (C.A. *179 5, 1960). The fact that a taxpayer is uncertain whether he will realize taxable income in excess of any of the minimum sums stated in section 58 during the taxable year does not constitute reasonable cause for a failure to file a declaration of estimated tax. ; . Moreover, conceding that petitioners received income in excess of that reasonably expected during the taxable year, it was nevertheless necessary that a declaration (or an amended declaration, if one had been filed) be filed by January 15 of the following taxable year. Section 58(d)(2). Petitioners did not file a declaration of estimated tax at any time for the year 1951. We likewise reject petitioners' contention that they did not know that a declaration of estimated tax return should have been filed. Neither mistake nor ignorance of the law relieves a taxpayer who fails to file a declaration of estimated tax from the additions to tax prescribed by the statute. ; . We may add without further elaboration that section 58(a)(2), supra, has been in the law since 1943 and the *180 requirement for filing a declaration of estimated tax is a matter of common knowledge. Petitioners further argue that they relied upon the services of a licensed certified public accountant in the preparation of and filing of their 1951 income tax return; that the accountant did not prepare or file an estimated declaration; and that they relied upon the accountant in good faith. Employment of a certified public accountant to prepare an income tax return does not constitute reasonable cause for failure to file a declaration of estimated tax unless it is further affirmatively shown at least that the certified public accountant was made aware of all material facts and had advised that such a declaration was not required to be filed. See . In the instant case, there is no evidence that the accountant's advice was requested with respect to the necessity for filing an estimated declaration or that he advised petitioners that such a declaration was not required for the taxable year 1951. The income tax return for 1951 merely shows that a certified public accountant signed the return as having prepared it. It was not filed until June 16, 1952, long after a declaration *181 of estimated tax for 1951 was due. Perhaps the accountant could have shed some light on the case, but petitioners did not produce him as a witness and we cannot assume that his testimony would be favorable to them. In the light of the foregoing, we hold that petitioners have not met the burden of proving that their failure to file a declaration of estimated tax for 1951 was due to reasonable cause. Accordingly, we approve the imposition of an addition to tax for said year under section 294(d)(1)(A). Decision will be entered under Rule 50. Footnotes
1. SEC. 58. DECLARATION OF ESTIMATED TAX BY INDIVIDUALS. (a) Requirement of Declaration. - Every individual * * * shall, at the time prescribed in subsection (d), make a declaration of his estimated tax for the taxable year if - (1) his gross income from wages (as defined in section 1621) can reasonably be expected to exceed the sum of $4,500 plus $600 with respect to each exemption provided in section 25(b); or (2) his gross income from sources other than wages (as defined in section 1621) can reasonably be expected to exceed $100 for the taxable year and his gross income to be $600 or more. 2. SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT. * * *
(d) Estimated Tax. - (1) Failure to file Declaration or Pay Installment of Estimated Tax. - (A) Failure to File Declaration. - In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of each installment due but unpaid, and in addition, with respect to each such installment due but unpaid, 1 per centum of the unpaid amount thereof for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this subparagraph with respect to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment. For the purposes of this subparagraph the amount and due date of each installment shall be the same as if a declaration had been filed within the time prescribed showing an estimated tax equal to the correct tax reduced by the credits under sections 32 and 35.↩